UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LOWTHER,

               Plaintiff,

v.

UNKNOWN BLACKMAN,

               Defendant.

Case No. 1:18-cv-1200

Hon. Robert J. Jonker

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a former state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) (ECF No. 17) and plaintiff's motion for summary judgment (ECF No. 21).

### I.    Background

Plaintiff alleged that defendant Inspector Blackman was deliberately indifferent to his personal safety. Compl. (ECF No. 1). When plaintiff filed this lawsuit in 2018, he was confined at the Chippewa Correctional Facility (URF). *Id.* at PageID.1. The Court entered its standard case management order in a prisoner civil rights case ("CMO") on February 21, 2019. *See* CMO (ECF No. 15). Under the CMO, all discovery was to be completed by June 21, 2019, with motions for summary judgment to be filed no later than July 19, 2019. *Id.* In a letter dated March 8, 2019, plaintiff advised the Court that he was transferred to the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* Letter (ECF No. 16). Plaintiff took no further action in this case.

1

On August 6, 2019, about three weeks after the dispositive motion deadline expired, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) .  .  . operates as an adjudication on the merits.

In support of his motion, defendant stated:

> Plaintiff was released from prison on parole, but has failed to update his address with the Court or the Defendants, due to Plaintiff absconding from parole on July 19, 2019. Concurrence in this Motion was not possible as Defendants' counsel had no means of contacting Plaintiff.

Motion (ECF No. 17).  Defendant relies in part on W.D. Mich. LCivR 41.1, which provides that the "[f]ailure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution."   In support of his motion, defendant provided a copy of plaintiff's MDOC Offender Tracking Information Service (OTIS) report from August 5, 2019, which states that plaintiff absconded from parole on July 19, 2019 (the last date dispositive motions were due).  *See* OTIS report (ECF No. 18-1).

Plaintiff re-appeared at the Ottawa County Jail on August 26, 2019, when he wrote a letter to the Court stating that he had not received any mail from the Court with respect to his lawsuit.  *See* Letter (ECF No. 19).  On September 13, 2019, plaintiff sent the Court a new permanent address in Muskegon, Michigan.  *See* Letter (ECF No. 20).  Plaintiff filed two motions on October 11, 2019.  In his "motion for summary judgment" (ECF No. 21), plaintiff claimed that he never received defendant's motion to dismiss, that this denied him his right to properly respond, and asked the Court to grant him $750.000.00 in damages or sanction defendant's attorney for failing to serve plaintiff.  PageID.72-73.  That same date, plaintiff filed another change of address

and a motion for sanctions against a non-party (the MDOC Director) which this Court denied.  *See* Order (ECF No. 27).

## II.    Discussion

As an initial matter, plaintiff's motion for summary judgment is untimely, being filed about three months after the deadline.  In addition, it is not a motion for summary judgment as allowed under Fed. R. Civ. P. 56, but rather a response to defendant's motion to dismiss.  For those reasons, plaintiff's motion for summary judgment should be denied and it will be construed as a response to defendant's motion to dismiss.

The issue is whether the Court should grant defendant's motion for involuntary dismissal brought pursuant to Fed. R. Civ. P. 41(b).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. American Telephone & Telegraph Company*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and brackets omitted).  Given these considerations, district courts "must be given substantial discretion" in addressing motions brought pursuant to Fed. R. Civ. P. 41(b). *Id.*

> Nevertheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736–38 (6th Cir. 2008) (internal citations omitted).    .    .    "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient."  *Schafer*, 529 F.3d at 737 (citing Webster's Third New International Dictionary 497 (1986)).

*Carthon v. Central State University*, 290 F.R.D. 83, 87 (S.D. Ohio 2013)

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville*

3

> *Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Id.*

The Court concludes that this case should be dismissed for failure to prosecute. Based on this record, plaintiff abandoned this lawsuit and engaged in contumacious conduct when he absconded from parole. With respect to the first factor, plaintiff's failure to prosecute was due to his own fault. Plaintiff filed a lawsuit while in prison, did nothing to advance that lawsuit, was paroled from prison, disappeared while on parole, re-appeared at a jail, sought $750,000.00 from defendant for filing a motion to dismiss, and then filed an untimely motion for summary judgment and a meritless motion for sanctions against the MDOC Director. While plaintiff claims that he is entitled to money or sanctions because defendant's counsel improperly served the motion to dismiss, it was plaintiff's act of absconding from parole which led to the filing of the motion.

With respect to the second factor, defendant was prejudiced because plaintiff failed to keep the Court apprised of his address. Ultimately, defendant had to protect his rights by filing a motion to dismiss a lawsuit brought by a now absent plaintiff. While the third and fourth factors are important considerations, neither factor applied in this case. Because plaintiff did nothing to advance his case and then disappeared, the Court had no occasion to either warn plaintiff that failure to cooperate could lead to dismissal or to consider less drastic sanctions.

In the end, the Court concludes that plaintiff abandoned this lawsuit when he absconded from parole. At that point, plaintiff rejected the authority of both the state and this Court. If plaintiff had served his parole without incident, and kept the authorities advised as to his whereabouts, there would have been no need for to file the motion to dismiss. The Court expends significant resources addressing *pro se* cases, brought by prisoners and non-prisoners. When a *pro*

*se* plaintiff fails to prosecute a case, the Court should be able to use Fed. R. Civ. P. 41(b) as a tool

to manage its docket and to avoid "unnecessary burdens" on both the Court and the defendants.

*See Knoll*, 176 F.3d at 363.  It creates unnecessary burdens when a *pro se* plaintiff files a lawsuit,

does nothing to advance the lawsuit, disappears, re-appears, accuses a defendant's attorney of

misconduct, and then seeks sanctions against someone who is not a party to the lawsuit.  For these

reasons, defendant's motion to dismiss should be granted and plaintiff's lawsuit dismissed with

prejudice.

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion

for summary judgment (ECF No. 21) be **DENIED**, that defendant's motion to dismiss pursuant to

Fed. R. Civ. P. 41(b) (ECF No. 17) be **GRANTED**, and that this case be **DISMISSED** with

prejudice.


Dated:  February 18, 2020                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).